IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Rackim Williams, | ) | C/A No.: 2:09-2289-JFA-RSC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Officer Sgt. K. Loyd, | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, Rackim Williams, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights with regard to the defendant's alleged use of excessive force on the plaintiff. Specifically, the plaintiff claims that the defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. At the time the events in this action arose, the plaintiff was incarcerated at the Special Management Unit (SMU) at Lee Correctional Institution.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that this court should deny the defendant's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

law on this matter, and the court incorporates such without a recitation. Specifically, the Magistrate Judge opines that the court should reject the defendant's arguments that (1) the plaintiff has not exhausted all of his available administrative remedies; (2) his constitutional rights were not violated; and (3) the defendant is protected under the doctrine of qualified immunity. The Magistrate Judge thus recommends that the matter be set for trial.

The parties were advised of their right to file objections to the Report and Recommendation. The defendant has objected to the Report, challenging the Magistrate Judge's recommendation on all three issues. The court has carefully reviewed the objections and finds no basis for disturbing the Magistrate Judge's recommended disposition of this case.

Regarding the exhaustion requirement, the Magistrate Judge points out that as of the date of the Report and Recommendation (April 28, 2010), the plaintiff's grievance had been languishing with the South Carolina Department of Corrections (SCDC) since August 4, 2008, a period of one and one-half years. As of the date of this order, the plaintiff's grievance has been pending for more than two years. Significantly, SCDC Policy GA-01.12 provides that "under no circumstances will the grievance process exceeds 180 days."

The Magistrate Judge suggests that when a prisoner files a grievance and has not received a timely determination, the grievance may be considered exhausted under the Prison Litigation Reform Act (PLRA). In response to this suggestion, the defendant again contends that because the plaintiff has yet to obtain a decision on his grievance, he has not exhausted his remedies. In the objection memorandum, the defendant contends that "plaintiff is due to

receive a response to his Step 2 grievance on or before June 3, 2010. Plaintiff will then have an opportunity to appeal the Step 2 response to the South Carolina Administrative Law Court should he so desire."

The court is not persuaded by this argument. To begin with, it is incorrect for the defendant to suggest that it is necessary for the plaintiff to take his grievance all the way to the South Carolina Administrative Law Court. As Chief Judge David Norton noted in a recent decision:

> [The plaintiff] satisfied the PLRA requirements when his Step 2 grievance was denied by the South Carolina Department of Corrections. The PLRA requires the exhaustion of remedies within the Agency only, not resort to the appellate state courts.

*Brown v. Evans Corr. Inst. Medical Staff*, C/A No. 2:06-2464 (decided Apr. 30, 2007) citing *Woodford v. Ngo*, 126 S.Ct. 2386 (2006).

Because this court agrees with the plaintiff that he has done everything possible to fully exhaust his available administrative remedies, the court rejects the defendant's objection based on lack of exhaustion.

As to the claim on the merits, the Magistrate Judge is unquestionably correct in suggesting that this case presents a classic factual dispute about what happened in a tense situation at a facility maintained by the SCDC. Accepting, as it must, the facts and all inferences to be drawn from the facts in the light most favorable to the plaintiff, the court has determined that genuine issues of material fact exist, and that summary judgment should be denied.

Likewise, the qualified immunity defense is of no avail to the defendant here. The law

3

on excessive force in a prison setting has been and is well-established.

Finding no merit to any of the objections that have been made, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The defendant's motion for summary judgment is denied and this case will be tried during the two-month term of court beginning with jury selection on November 9, 2010.

The court appoints Columbia, South Carolina attorney Maura Dawson to represent the plaintiff at the trial of this case. Ms. Dawson's duties are limited to consulting with the plaintiff and his witnesses in an effort to prepare for trial, subpoenaing the necessary witnesses and documents to have them available at trial, and participating in the trial on the merits. In other words, the court will not reopen discovery.

The court will conduct a status conference to prepare this case for trial on a date reasonably near the jury selection date.

In the meanwhile, the parties should confer and determine if it is possible to consent to a bench trial of this case. Additionally, defense counsel should immediately inform the court, by way of electronic filing, of the first name of the defendant so that the caption may be amended accordingly.

Plaintiff has filed a separate motion seeking free copies of the motions filed in his case. As counsel has been appointed for the plaintiff, his motion is denied. The motion for a preliminary injunction is also denied, without prejudice, to be renewed (if at all) when plaintiff's newly-appointed counsel has had an opportunity to review the case file.

IT IS SO ORDERED.

September 10, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge